CROWELL CONSTRUCTORS, INC., PETITIONER-APPELLANT v. NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH, AND NATURAL RESOURCES, RESPONDENT-APPELLEE

No. 9112SC576

(Filed 20 October 1992)

## 1. Mines and Minerals § 2 (NCI3d)— mining without permit— penalty—violations prior to notice

A civil penalty for mining without a permit may be assessed for violations of the Mining Act which occurred prior to the operator's receipt of notice of the violations as long as notice is received by the operator before the civil penalty is assessed. N.C.G.S. § 74-64(a)(1)a.

**Am Jur 2d, Mines and Minerals §§ 175, 176.**

## 2. Mines and Minerals § 2 (NCI3d)— mining without permit— affected area—measurement by pacing

There was substantial competent evidence to support the Mining Commission's determination that the affected land upon which petitioner was mining without a permit constituted

CROWELL CONSTRUCTORS, INC. v. N.C. DEPT. OF E.H.N.R.

[107 N.C. App. 716 (1992)]

greater than one acre in violation of N.C.G.S. § 74-50 on the dates in question where an inspector "paced off" an affected area of 1.18 acres; the evidence indicated that although "pacing" is not a completely accurate method of measurement, this method usually results in a conservative estimate in the operator's favor; this measurement excluded two areas which should have been considered as part of the mine site; and the site was later measured with a tape and determined to be 1.58 acres.

**Am Jur 2d, Mines and Minerals §§ 239-245.**

APPEAL by petitioner from judgment entered 18 February 1991 by *Judge Gregory A. Weeks* in CUMBERLAND County Superior Court. Heard in the Court of Appeals 8 April 1992.

*McCoy Weaver Wiggins Cleveland & Raper, by Richard M. Wiggins and Kimbrell Kelly Tucker, for petitioner appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Kathryn Jones Cooper, for respondent appellee.*

COZORT, Judge.

Petitioner appeals from a judgment affirming a final agency decision issued by the North Carolina Mining Commission ("Mining Commission"), which imposed a $26,000.00 civil penalty against petitioner for mining without a permit. Petitioner contends the Mining Commission erred in imposing penalties for violations which occurred prior to its receiving notice of the violations pursuant to N.C. Gen. Stat. § 74-64(a)(1)a. (Cum. Supp. 1991) and alleges there is no substantial evidence in the record to support a conclusion that petitioner mined without a permit. We disagree and affirm.

Petitioner Crowell Constructors, Inc. ("Crowell"), purchased a tract of land in Robeson County in January 1986 for the purpose of removing sand from the subsurface of the plot. The sand was to be used in Crowell's asphalt plant in Fayetteville and for other construction projects. On 27 March 1986, Mr. Gerald Lee, an environmental technician employed by respondent North Carolina Department of Environment, Health and Natural Resources, visited the site and prepared a mining inspection report in which he indicated that based on his "stepping off" the dimensions of the pit and stockpile area, the mine site was 1.16 to 1.18 acres. Mr.

CROWELL CONSTRUCTORS, INC. v. N.C. DEPT. OF E.H.N.R.

[107 N.C. App. 716 (1992)]

Lee revisited the site on 6 May 1986 and determined that 75% of the stockpiled sand that was on site during his prior visit had been removed; the pit area remained as it was on 27 March 1986. On 14 May 1986, Mr. Lee once again inspected the area and discovered the entire stockpile had been removed. Following the inspections, the respondent sent Crowell a notice of violation for mining without a permit. Crowell received the notice on 22 May 1986, but continued to work at the site until 27 May 1986, due to the company's inability to contact the project manager to close down the operation. On 28 May 1986, Mr. Lee, along with Mr. Joe Glass, one of respondent's regional engineers, physically measured the site with a tape measure and determined the affected area of the mine site to be approximately 1.58 acres. Thereafter, on 14 April 1987, the director of the Division of Land Resources, an agency of respondent Department, assessed a civil penalty of $15,000.00 against Crowell for mining without a permit on three dates. Later, records obtained from Crowell revealed that Crowell had engaged in mining activity on 11 dates in addition to the dates specified in the 14 April assessment. The director amended the earlier assessment and added the additional violations for mining without a permit. The new civil penalty assessed on 20 October 1987 totalled $26,000.00 and covered 14 days of violations. Crowell appealed the penalty assessment and was granted an administrative hearing on the matter.

On 6 April 1988, Administrative Law Judge Thomas R. West ("ALJ") conducted a hearing in accordance with the North Carolina Mining Act, N.C. Gen. Stat. § 74-46 et seq., (1985) and the North Carolina Administrative Procedures Act, N.C. Gen. Stat. § 150B-1 et seq., (1991) ("APA"). The purpose of the hearing was to determine whether respondent held the authority to issue a penalty against petitioner and whether a penalty in the amount of $26,000.00 was reasonable and appropriate under the circumstances. Judge West issued a recommended decision on 22 February 1989 which suggested a $4,000.00 penalty be assessed against Crowell for violations of the Mining Act on four dates. Pursuant to N.C. Gen. Stat. § 74-61 (1985), the Mining Commission reviewed the ALJ's recommendation and issued a final agency decision on 30 October 1989 which generally supported the director's initial findings that Crowell had mined without a permit on 14 dates. The Mining Commission then imposed a civil penalty in the amount of $26,000.00 against petitioner. Petitioner appealed to Cumberland County Superior

Court. Superior Court Judge Gregory A. Weeks affirmed the final agency decision. Petitioner appeals to this Court.

Our standard of review is dictated by the APA, and specifically by N.C. Gen. Stat. § 150B-51(b) which states:

> [T]he court reviewing a final decision may affirm the decision of the agency or remand the case for further proceedings. It may also reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional provisions;
>
> (2) In excess of the statutory authority or jurisdiction of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or
>
> (6) Arbitrary or capricious.

N.C. Gen. Stat. § 150B-51(b) (1991). The scope of review applied by an appellate court when reviewing a decision of a lower court is the same as in other civil cases. *Henderson v. N.C. Dep't of Human Resources*, 91 N.C. App. 527, 530, 372 S.E.2d 887, 889 (1988). Thus, our review is limited to determining whether the superior court committed any errors of law. The applicable scope of review in the present case is the "whole record" test. When the test is applied, the reviewing court is required to take into account all of the evidence, including that which supports the findings and contradictory evidence. *Mt. Olive Home Health Care Agency, Inc. v. N.C. Dep't of Human Resources*, 78 N.C. App. 224, 228, 336 S.E.2d 625, 627 (1985). We now consider whether the trial court made any errors of law in light of the record considered as a whole.

[1] The first issue petitioner raises on appeal requires us to interpret N.C. Gen. Stat. § 74-64(a)(1)a. which reads:

> A civil penalty of not more than five thousand dollars ($5,000) may be assessed by the Department against any person who

CROWELL CONSTRUCTORS, INC. v. N.C. DEPT. OF E.H.N.R.

[107 N.C. App. 716 (1992)]

fails to secure a valid operating permit prior to engaging in mining, as required by G.S. 74-50. No civil penalty shall be assessed until the operator has been given notice of the violation pursuant to G.S. 74-60. Each day of a continuing violation shall constitute a separate violation and a civil penalty of not more than five thousand dollars ($5,000) per day may be assessed for each day the violation continues.

Petitioner contends that the above statutory provision limits respondent's ability to assess a civil penalty against Crowell to violations which occurred after *receipt* of notice of the violation. Conversely, respondent argues the statute allows the department to assess civil penalties against Crowell for violations of the Mining Act which occurred prior to petitioner's receipt of the notice of violation as long as the notice is received by the operator before the civil penalty is assessed. In the case below, Crowell received notice of the violation on 22 May 1986, but was assessed penalties for violations which took place on several dates prior to 22 May. Petitioner contends that the penalties prior to 22 May are improper because Crowell had no notice it was in violation of the mining statute. Additionally, petitioner advances the policy argument that a reading of the statute contrary to Crowell's interpretation would lead to unfair results in that the agency could sit idly by until violations had accumulated and then send notice of violations assessing large penalties. We disagree with petitioner's contentions.

N.C. Gen. Stat. § 74-64(a)(1)a. states only that "[n]o civil penalty shall be *assessed* until the operator has been given notice of the violation pursuant to G.S. 74-60." The statute means exactly what it says, that is, the only notice required must be sent to the violator prior to the *assessment* of any penalty. Nowhere does the statute indicate that violations which occurred prior to receipt of notice of the violation should be exempt from penalty. Rather, we find the notice requirement serves essentially to provide the procedural due process guaranteed to violators and nothing more. Furthermore, a reading of the administrative rule promulgated in conjunction with N.C. Gen. Stat. § 74-64(a)(1)a. dispels any doubt about our interpretation of the notice provision. The rule states:

> In determining whether to assess a civil penalty *for any violation committed prior or subsequent to receipt of the notice of violation*, the director shall consider whether the violator ceased mining, restored the affected area, or otherwise com-

CROWELL CONSTRUCTORS, INC. v. N.C. DEPT. OF E.H.N.R.

[107 N.C. App. 716 (1992)]

plied with the requirements of the notice of the violation and shall also consider the various criteria in Regulation 5F .0007. The civil penalty assessment shall specify with reasonable particularity the violation(s) for which the penalty has been assessed and shall be transmitted to the violator by certified or registered mail, return receipt requested.

N.C. Admin. Code tit. 15A, r. 5F .0005(b) (1988) (emphasis added). Accordingly, we conclude the trial court did not err in upholding the Mining Commission's assessment of a civil penalty in the total amount of $26,000.00 against petitioner for mining without a permit on the days prior to and subsequent to 22 May 1986 when Crowell received the notice of the violation.

[2] Petitioner next contends that the trial court erred in finding substantial evidence in the record to support the Mining Commission's conclusion that Crowell had mined without a permit within the meaning of N.C. Gen. Stat. § 74-50 (1985). As noted above, we apply the "whole record" test to determine if the findings and conclusions of the Mining Commission, which were in turn upheld by the trial court, are supported by competent, material, and substantial evidence. Our review of the whole record discloses that substantial evidence was present to support the Mining Commission's conclusions.

"Mining" is defined by statute as:

    a. The breaking of the surface soil in order to facilitate or accomplish the extraction or removal of minerals, ores, or other solid matter,

    b. Any activity or process constituting all or part of a process for the extraction or removal of minerals, ores, soils, and other solid matter from its original location,

    c. The preparation, washing, cleaning, or other treatment of minerals, ores, or other solid matter so as to make them suitable for commercial, industrial, or construction use.

It shall not include those aspects of deep mining not having significant effect on the surface, where the affected land does not exceed one acre in area. It shall not include mining operations where the affected land does not exceed one acre in area.

N.C. Gen. Stat. § 74-49(7) (Cum. Supp. 1991). "Affected land" is defined as being "the surface area of land that is mined, the surface area of land on which overburden and waste is deposited, and the surface area of land used for processing or treatment plant, stockpiles, and settling ponds." N.C. Gen. Stat. § 74-49(1). Crowell disputes the initial measurement of the affected land taken by Mr. Lee on 27 March 1986 when Lee "paced off" an area greater than one acre. Crowell submits that no accurate measure of the area was made until 28 May 1986 when the site was measured with a tape and determined to be 1.58 acres. Evidence in the record indicates that although "pacing" is not a completely accurate method of measurement, the approximation usually results in a conservative estimate in the operator's favor. In addition, Mr. Lee's first measurement of the site excluded the cleared area adjacent to the pit and the access road; both should have been considered part of the mine site. We find this evidence to be competent, material, and substantial to support the Mining Commission's determination that the affected land upon which petitioner was mining without a permit constituted greater than one acre in violation of N.C. Gen. Stat. § 74-50.

Petitioner's final issue raised on appeal has not been properly preserved for review. Petitioner contends the Mining Commission's penalty assessment was arbitrary and capricious, yet no assignment of error in the record challenges the decision on that basis. Because petitioner failed to properly designate an assignment of error pursuant to N.C.R. App. P. 10(c), he has waived the right to argue whether the Mining Commission's imposition of the $26,000.00 penalty was arbitrary and capricious. Nonetheless, in our discretion, we have reviewed the record to determine whether the penalty was arbitrary and capricious, and we find it was not. The trial court's judgment upholding the final agency decision of the Mining Commission is

Affirmed.

Judges PARKER and GREENE concur.