JACK C. FARNSWORTH, Plaintiff/Appellant v. HARRILL L. JONES and
GASTON COUNTY BOARD OF ELECTIONS, Defendants/Appellees

No. 9227SC1290

(Filed 5 April 1994)

### 1. Domicile and Residence § 5 (NCI4th)— requisites for change of domicile

To establish a change of domicile, a person must show:
(1) an actual abandonment of the first domicile, coupled with
an intention not to return to it; (2) the acquisition of a new
domicile by actual residence at another place; and (3) the intent
of making the newer residence a permanent home.

**Am Jur 2d, Domicile §§ 16 et seq.**

### 2. Elections § 60 (NCI4th)— candidate for city council—failure to establish domicile in precinct—not qualified candidate

Plaintiff was not a qualified candidate for election to the
city council in a precinct in Gastonia because he failed to
establish a domicile in the precinct for thirty days prior to
the election and was thus not legally entitled to vote in the
precinct as required by N.C.G.S. § 163-294.2(b), even though
plaintiff rented an apartment in the precinct in Gastonia before
the election and stated his intent to make the apartment his
domicile, where the evidence showed that plaintiff executed
a month-to-month lease for a furnished apartment in Gastonia
because he wanted to "see what would happen" in the election;
prior to becoming a candidate, plaintiff's primary residence
was a condominium in Cramerton, N.C.; plaintiff continued
to maintain his condominium in Cramerton and spent approx-
imately 50% of his time there; plaintiff did not change his
postal address or the address on his driver's license and filed
his federal tax return using the Cramerton address; plaintiff
stated that he had no intention of selling the Cramerton
residence; and the computerized key entry records, utility bills
and testimony of neighbors demonstrated that plaintiff was
rarely at the Gastonia apartment. N.C.G.S. §§ 163-85(c) and
163-86(d); N.C. Const. art. VI, § 2.

**Am Jur 2d, Elections §§ 174 et seq.**

**Validity of requirement that candidate or public officer have been resident of governmental unit for specified period. 65 ALR3d 1048.**

Appeal by plaintiff from judgment entered 18 August 1992 by Judge C. Walter Allen in Gaston County Superior Court. Heard in the Court of Appeals 28 October 1993.

*Parker, Poe, Adams & Bernstein, by William E. Poe, Frank A. Hirsch, Jr., and Jeffrey I. Ryen, for plaintiff appellant.*

*Dolley and Morgan, by Steve Dolley, Jr., and Page Dolley Morgan, on brief, for defendant appellee, Harrill L. Jones.*

COZORT, Judge.

Plaintiff appeals the trial court's judgment affirming a decision by the Gaston County Board of Elections finding that defendant Harrill L. Jones (defendant) fulfilled the residency requirement to run in the municipal election for the city council seat representing Ward 5 in Gastonia, North Carolina. After conducting a review of the whole record, we conclude the trial court erred in affirming the Board of Election's decision, since there was no substantial evidence to support a finding that defendant had met the residency requirement. We reverse and remand for a new election.

The underlying facts in this case are as follows: On 24 February 1992, defendant Harrill L. Jones filed his notice of candidacy for the Gastonia City Council (Council) seat from Ward 5. The defendant was opposed by incumbent Douglas E. Mincey. At the time of filing, defendant indicated that his address was 201 Flat Rock Pastures Drive, Cramerton, North Carolina. On 25 March 1992, defendant filed an address transfer affidavit with the Gaston County Board of Elections (Board), listing his new address as 1301 Ashley Arms, 800 S. York Street, Gastonia, North Carolina.

On 29 April 1992, plaintiff Jack C. Farnsworth, as a concerned citizen residing within Ward 5, filed a complaint with the Board alleging Jones' lack of domicile within the ward. The Board met to consider the challenge on 1 May 1992, but refused to hear the complaint prior to the election. On 5 May, defendant received a majority of votes from Ward 5, but was not certified to the office because of the pending challenge to his eligibility. On 12 May, the Board met; however, it declined to hold an evidentiary hearing

on the matter. On 13 May, the plaintiff appealed to the State Board of Elections to require a full hearing. The State Board of Elections issued an order requiring the local Board to hold a full evidentiary hearing as to Jones' true domicile and to apply the legal test specified in N.C. Gen. Stat. § 163-57 (1991).

The Board conducted its evidentiary hearing on 2 July 1992 to determine the issue of defendant's domicile qualifications. Plaintiff introduced evidence tending to show that defendant's domicile was in Cramerton rather than Gastonia. Defendant waived his right to put on evidence. The Board of Elections voted not to disqualify Jones as a candidate. A written decision was filed detailing such decision on 6 July 1992. Plaintiff filed a notice of appeal to the Gaston County Superior Court on 8 July 1992 pursuant to N.C. Gen. Stat. § 163-90.2(d) (1991).

On 7 July 1992, the Gastonia City Council permitted Mr. Jones to occupy the seat as Ward 5 council member, although he had not been officially certified as the winner due to the pending proceedings. In response to the Council's action, plaintiff filed in the superior court a motion for writ of mandamus requesting the court to (1) issue a mandatory injunction enjoining the Board from certifying the election for the seat for Ward 5 until after the resolution of the appeal; (2) declare the oath of office of Jones null and void; and (3) prohibit Jones from exercising any authority as a council member. On 21 July 1992, the superior court enjoined Jones "from exercising any authority as a purported member of the Gastonia City Council until the results of the election have been officially determined pursuant to the pending appeal procedures and the County Board of Elections has issued a Certificate of Election." The trial court, on 18 August 1992, issued a judgment sustaining the Board's decision finding that defendant was a qualified candidate. Plaintiff appeals.

Because the Gaston County Board of Elections is a local unit of government and not an administrative agency, *see* N.C. Gen. Stat. § 150B-2(1) (1991), the Administrative Procedure Act (APA), codified in Chapter 150B of the General Statutes, does not apply directly in the present case. Our Supreme Court set forth the standard of review for local board decisions in *Coastal Ready-Mix v. Board of Comm'rs*, 299 N.C. 620, 265 S.E.2d 379, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980). "[W]hile the specific review provision of the North Carolina APA is not directly ap-

FARNSWORTH v. JONES

[114 N.C. App. 182 (1994)]

plicable, the principles that provision embodies are highly pertinent." *Id.* at 625, 265 S.E.2d at 382.

Under the APA, "[t]he scope of review applied by an appellate court when reviewing a decision of a lower court is the same as in other civil cases." *Crowell Constructors, Inc. v. N.C. Dep't of Env't, Health & Natural Resources*, 107 N.C. App. 716, 719, 421 S.E.2d 612, 613 (1992), *cert. denied*, 333 N.C. 343, 426 S.E.2d 704 (1993). Our review is limited to deciding whether the trial court committed any errors of law. *Id.* We therefore necessarily are required to determine whether the trial court erred in determining the following:

> (1) whether the Board committed any errors in law; (2) whether the Board followed the procedures specified by law in both statute and ordinance; (3) whether the appropriate due process rights of petitioner were protected, including the rights to offer evidence, cross-examine witnesses, and inspect documents; (4) whether the Board's decision was supported by competent, material and substantial evidence in the whole record; and (5) whether the Board's decision was arbitrary and capricious.

*CG&T Corp. v. Board of Adjustment*, 105 N.C. App. 32, 36, 411 S.E.2d 655, 658 (1992), (citing *Coastal Ready-Mix v. Board of Comm'rs*, 299 N.C. at 626, 265 S.E.2d at 383). To verify that the Board's decision was supported by sufficient evidence, we apply the whole record test, which necessitates an examination of all competent evidence before the Board and a determination as to whether the Board's decision was based upon substantial evidence. *Henderson v. N.C. Dep't of Human Resources*, 91 N.C. App. 527, 530, 372 S.E.2d 887, 889 (1988).

> Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and "is more than a scintilla or a permissible inference." *Lackey v. Dep't of Human Resources*, 306 N.C. 231, 238, 293 S.E.2d 171, 176 (1982). "[T]he court may not consider the evidence which in and of itself justifies the Board's result, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn." *Thompson v. Wake County Bd. of Educ.*, 292 N.C. 406, 410, 233 S.E.2d 538, 541 (1977).

*In Re Application of City of Raleigh*, 107 N.C. App. 505, 508, 421 S.E.2d 179, 180-81 (1992).

As a preliminary matter, we note that although plaintiff has challenged only the Board's decision based on the substantiality of the evidence and the possibility of the decision being arbitrary or capricious, we have reviewed the record for any other errors in law, mistakes in procedure, and improprieties related to the petitioner's due process rights as required by law. We can discern no such error. We now address plaintiff's primary contentions.

Plaintiff argues that based on the evidence presented, the Board erred in determining that defendant Harrill L. Jones was a qualified candidate in the election because he was not legally registered to vote in Ward 5 as required by statute. In North Carolina, in order to be qualified as a candidate for election to a municipal office, a person must be registered to vote in the municipality. N.C. Gen. Stat. § 163-294.2(b) (1991). According to N.C. Gen. Stat. § 163-85(c) and § 163-86(d) and Article VI, § 2 of the North Carolina Constitution, an individual must have resided in the precinct for 30 days prior to the general election in order to be registered to vote. The term "residence," as used in our State's election laws, is synonymous with legal domicile. *Hall v. Wake County Bd. of Elections*, 280 N.C. 600, 605, 187 S.E.2d 52, 55 (1972); *see* N.C. Gen. Stat. § 163-57(3) (1991).

> Precisely speaking, *residence* and *domicile* are not convertible terms. A person may have his residence in one place and his domicile in another. Residence simply indicates a person's actual place of abode, whether permanent or temporary. Domicile denotes one's permanent, established home as distinguished from a temporary, although actual, place of residence. When absent therefrom, it is the place to which he intends to return . . . . [I]t is the place where he intends to remain permanently, or for an indefinite length of time, or until some unexpected event shall occur to induce him to leave . . . .

*Hall*, 280 N.C. at 605, 187 S.E.2d at 55 (emphasis in original). A person who lives in a place for a limited purpose, with the intent of leaving when the purpose has been accomplished is a "mere sojourner." *Groves v. Comm'rs*, 180 N.C. 568, 105 S.E. 172 (1920). Where someone retains his original home with all its incidental privileges and rights, there is no change in domicile. *Hall*, 280 N.C. at 606, 187 S.E.2d at 55.

**FARNSWORTH v. JONES**

[114 N.C. App. 182 (1994)]

[1]   Once an individual acquires a domicile, it is presumed to continue until a new domicile is established. *Id.* at 608, 187 S.E.2d at 57. "[T]he burden of proof rests upon the person who alleges a change." *Id.* We apply a three-part test to differentiate between a residence and a domicile. To establish a change of domicile, a person must show: (1) an actual abandonment of the first domicile, coupled with an intention not to return to it; (2) the acquisition of new domicile by actual residence at another place; and (3) the intent of making the newer residence a permanent home. *Id.* at 608-09, 187 S.E.2d at 57. Although a person's testimony regarding his or her intent regarding the acquisition of a new domicile is competent evidence, it is not conclusive. *Id.* at 609, 187 S.E.2d at 57. We must consider the evidence of all the surrounding circumstances and the conduct of the person in determining whether he or she has effectuated a change in domicile. *Id.*

[2]   An examination of the competent evidence before the Board in the case below demonstrates the Board erred in concluding the defendant had established his domicile within Ward 5 thirty days prior to the election. The evidence presented at the hearing indicated that, prior to 25 March 1992, defendant's primary residence was at 201 Flat Rock Pastures Drive in Cramerton, North Carolina. On 25 March, Jones filed an address transfer affidavit with the Board listing his new address as 1301 Ashley Arms, 800 S. York Street, Gastonia, North Carolina. The manager of Ashley Arms Apartments testified that on 16 March, defendant signed a month-to-month lease for a furnished apartment. Defendant explained to the manager that he wanted to wait for the outcome of the election before he signed a long-term lease. Defendant did not move any of his furniture into the apartment until after the election, when he signed a six-month lease. Records of the computerized card key system at the apartment complex indicate minimal entry by defendant during the thirty-day period, and only three entries by his wife. The documentation tended to show that defendant did not enter the apartment community on 9 of the 22 days between the initial occupancy on 16 March and the 6 April qualification deadline. He received one UPS package at the apartment office during the thirty-day period.

Defendant's neighbor at Ashley Arms testified that she had seen him only once in the parking lot and had never seen him in the common areas or laundry area of the apartment. The neighbor stated that defendant's assigned parking space was usually empty.

A utility accounts administrator for the City of Gastonia testified that comparisons between utility usage in defendant's apartment compared randomly to apartments with the same or similar layout at Ashley Arms showed substantially less electricity usage for him.

Defendant's wife, Patty Ann Jones, testified that she stayed at the Ashley Arms location approximately three nights a week. However, she admitted that her automobile registration, driver's license, and address all listed the Cramerton address. Insurance documents covering her automobile, home, and personal effects listed Cramerton as the current address. Telephone bills and bank account statements were mailed to the Cramerton address as well. The Jones' 1991 tax return filed on 14 April 1992 listed Cramerton as the filing address. Mrs. Jones testified that she and her husband dined regularly at the Cramer Mountain Country Club on Wednesday evenings. She stated that the Jones family celebrated special events at both Ashley Arms and in Cramerton. She told the Board that after the election, her son had constructed a cabinet in the bathroom of the apartment where she could store cosmetics.

Defendant gave testimony similar to that of his wife regarding his intent to make his domicile at Ashley Arms. Defendant acknowledged, however, that he had not changed his postal address, filed his federal tax return using the Cramerton address, and had not changed the address on his driver's license. He stated he had no intention of selling his residence at Cramer Mountain. Defendant further admitted that he had a home equity loan covering the property at Cramer Mountain and had failed to notify the lender of any change of address.

After considering all competent evidence in the record of defendant's actions with respect to establishing a domicile for thirty days prior to the municipal election, we conclude there was no substantial evidence to support the Board's conclusion that defendant timely established his domicile in Ward 5 to comply with N.C. Gen. Stat. § 163-57. We reach this conclusion after careful application of the test set out in *Hall*. First, the evidence does not support a determination that defendant had actually abandoned his previous residence with no intent to return. To the contrary, defendant maintained the condominium at Cramer Mountain, ate dinner weekly at the Country Club there, exercised there, and spent approximately 50% of his time there. He additionally did not change his address to Ashley Arms for postal purposes, or for any other purposes.

**FARNSWORTH v. JONES**

[114 N.C. App. 182 (1994)]

He executed a month-to-month lease for a furnished apartment because he wanted to "see what would happen" in the election. Although defendant acquired a new residence at the Ashley Arms address and expressed his intention to remain there permanently, there is little evidence in the record to indicate that he was actually residing there. The computerized key entry records, utility bills, and testimony of neighbors demonstrated that defendant was rarely at the apartment. Defendant simply has failed to meet his burden to establish his domicile as the apartment at Ashley Arms.

We have not ignored defendant's declarations concerning his domicile. We must point out, however, that conduct is of greater evidential value than expressions of intent. In this case, the evidence concerning defendant's actions requires a conclusion opposite to that of the Board. Our decision is additionally supported by the underlying rationale for the thirty-day domicile rule for candidate eligibility. The requirement was designed to deter abuses of the election process, such as precinct shopping, and to ensure that elected officials sincerely represent the residents of a particular district.

We therefore declare that the trial court erred in affirming the Board's decision finding defendant Harrill Jones qualified to run in the May 1992 election. The only qualified candidate for the Gastonia City Council position for Ward 5 on the ballot was the incumbent, Doug Mincey. Since Mr. Mincey failed to receive a majority of the votes, he may not be automatically installed in the position. *See Duncan v. Beach*, 294 N.C. 713, 242 S.E.2d 796 (1978). As a result, we must remand this case to the trial court for entry of an order directing the Gaston County Board of Elections to hold a new election pursuant to N.C. Gen. Stat. § 163-22.1 for the Ward 5 seat on the Gastonia City Council. The new election "shall be conducted under applicable constitutional and statutory authority and . . . conducted by the appropriate elections officials." N.C. Gen. Stat. § 163-22.1 (1991).

Reversed and remanded.

Judges EAGLES and ORR concur.