ANDRE D. KNIGHT, Plaintiff/Appellant v. ROOSEVELT HIGGS, GLADYS SHELTON, In her Individual Capacity and Official Capacity as a Member/Chairperson of the Edgecombe County Board of Elections, BETTY LEWIS, In her Individual Capacity and her Official Capacity as a Member of the Edgecombe County Board of Elections, SAMUEL BRANCH, In his Individual Capacity and Official Capacity as a Member of the Edgecombe County Board of Elections, and the EDGECOMBE COUNTY BOARD OF ELECTIONS as a quasi-judicial body politic, Defendant/Appellees

No. COA07-322

(Filed 15 April 2008)

**1. Elections— motion to recuse board of elections member— delegation to attorney—due process violations**

A county board of elections violated plaintiff's due process rights when it delegated to its attorney the decision on a motion to recuse a member and decided the underlying issue of whether to remove a voter's name from the county registration rolls without addressing the challenge to the board member. While the board may consult with its attorney, it may not delegate its decision-making authority.

**2. Open Meetings— board of elections—closed session—no vote or stated purpose**

A county board of elections violated the Open Meetings Law by going into closed session without a vote or stating its purpose. N.C.G.S. § 143-318.11(c).

**3. Open Meetings— violation as matter of law—attorney fees**

On remand, the trial court should consider the taxing of attorney fees where violations of the Open Meetings Law were established as a matter of law. N.C.G.S. § 143-318.16B.

Appeal by plaintiff from judgment entered 21 November 2006 by Judge Frank R. Brown in Edgecombe County Superior Court. Heard in the Court of Appeals 16 October 2007.

*Tharrington Smith, L.L.P., by Michael Crowell, and Lawrence Best & Associates, by Antonia Lawrence, for plaintiff-appellant.*

*No brief(s) filed for defendant-appellees.*

KNIGHT v. HIGGS

[189 N.C. App. 696 (2008)]

STEELMAN, Judge.

The failure of the defendant Board of Elections to consider a recusal motion alleging partiality of a board member, supported by the affidavits of three persons, creates a question as to the propriety of the Board's decision. The Board violated the Open Meetings Law by this failure and also by twice going into closed sessions without a motion or stating the purpose for the closed session. The resulting decision must be vacated and appellant is entitled to a new hearing. Upon remand, the trial court shall consider the imposition of attorney's fees under N.C. Gen. Stat. § 143-318.16B and further remand the matter to the Board with detailed instructions for proceedings consistent with this Opinion.

## I. Procedural History

In August 2006, defendant-challenger Roosevelt Higgs (Higgs) filed a challenge to Andre Knight's voter registration, asserting that Andre Knight (Knight) did not reside at 1517 Cherry Street in Rocky Mount, Edgecombe County, North Carolina. Higgs asserted that Knight's residence was at one of two addresses in Rocky Mount, but located in Nash County. Higgs' challenge was brought before the Edgecombe County Board of Elections ("Board"). The Board set the matter for public hearing on 9 October 2006. The hearing commenced on that date but was not concluded until 17 October 2006.

Prior to the hearing, Knight moved that Gladys Shelton (Shelton), chair of the Board, be recused for the reason that she had publicly stated that Knight did not live in Edgecombe County. The motion was supported by affidavits from three individuals who heard the statements. This motion was not heard by the Board at its hearing, but was summarily denied by Mr. DeLoatch, attorney for the Board. The Board then heard Higgs' argument that utility and tax bills before the Board showed that Knight did not reside at the Cherry Street address. Following Higgs' challenge, Knight presented evidence to prove residency at the Cherry Street address and testified that he moved to Edgecombe County in order to run for Rocky Mount City Council as the Ward One representative.

At the conclusion of the 9 October 2006 session, the Board went into closed session without a motion, and without any explanation as to why they were going into closed session, stating only that the Board would "go into Executive Session for just a moment" and then reconvene. The Board was gone for 28 minutes. Upon its return, Shelton stated that the Board had discussed procedure with its attor-

ney and then announced that the Board members would talk among themselves and "make some kind of decision." The Board then went into a second closed session. Upon the members' return to the open meeting, it was announced that the hearing would resume on 17 October 2006.

After reconvening on 17 October 2006, the Board ruled 2 to 1 that Knight was not a resident of Edgecombe County. At all times between the filing of Higgs' challenge and the hearing, Knight represented Ward One on Rocky Mount City Council. Ward One included the property located at 1517 Cherry Street in Edgecombe County.

On 23 October 2006, Knight appealed the Board's decision to Edgecombe County Superior Court. In his complaint, Knight asserted the following claims: (1) appeal of the Board's decision of 16 October 2006; (2) nullification of the Board's decision for alleged violations of the Open Meetings Law, N.C. Gen. Stat. § 143-318.11(c); (3) relief for violations of his due process rights and his rights to vote and hold office; (4) attorneys' fees pursuant to N.C. Gen. Stat. § 143-318.16B; and (5) a temporary restraining order and preliminary injunction against enforcement of the Board's decision.

On 24 October 2006, the trial court granted a temporary restraining order, preventing enforcement of the Board's order to remove plaintiff from Edgecombe County's list of registered voters.

On 21 November 2006, Judge Brown entered an order affirming the ruling of the Board. The order contained no findings of fact. Applying the whole record test, the trial court made three conclusions of law:

(1) there were no procedural errors which denied the appellant due process of law and a fair hearing; and

(2) the decision of the Board of Elections has a rational basis in the evidence before the Board; and

(3) there is substantial evidence to support the conclusions of the Edgecombe County Board of Elections.

On 29 November 2006, Knight appealed this order to the Court of Appeals. On 6 December 2006, this Court granted Knight's motion for a temporary stay. On 19 December 2006, this Court issued a writ of supersedeas. During the pendency of this appeal, Knight was reelected to the Rocky Mount City Council from Ward One.

Defendants did not file a brief in this appeal.

## II. Standards of Review

### A. Appeal of the Board's Decision

Judicial review of the decision of a local Board of Elections to remove a voter's name from the County registration rolls is permitted by N.C. Gen. Stat. § 163-90.2(d). In reviewing the decision by a board sitting as a quasi-judicial body, the Superior Court acts as an appellate court. The scope of its review includes:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of [the Board] are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 626, 265 S.E.2d 379, 383, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980). Sitting as an appellate court, the trial court does not review the sufficiency of evidence as presented to it but reviews the evidence presented to the board. *See id.* Subsequent review by this Court is limited to whether the trial court committed any errors of law. *Farnsworth v. Jones*, 114 N.C. App. 182, 441 S.E.2d 597 (1994) (concluding that the trial court erred in affirming a residency determination by a local Board of Elections).

### B. Open Meetings Law Violations

Allegations that a party violated the Open Meetings Law are considered by the Superior Court in its role as a trier of fact.

"It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992). If supported by competent evidence,

the trial court's findings of fact are conclusive on appeal. *Finch v. Wachovia Bank & Tr. Co.*, 156 N.C. App. 343, 347, 577 S.E.2d 306, 308-09 (2003). "Conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal." *Food Town Stores v. City of Salisbury*, 300 N.C. 21, 26, 265 S.E.2d 123, 127 (1980).

*Gannett Pacific Corp. v. City of Asheville*, 178 N.C. App. 711, 713, 632 S.E.2d 586, 588 (2006). Whether a violation of the Open Meetings Law occurred is a question of law. We therefore apply *de novo* review to this portion of the decision of the trial court.

### III.  Analysis

### A.  Motion for Recusal

[1] In his first argument, Knight contends that the trial court erred in affirming the Board's decision because the Board failed to properly consider his motion to disqualify Shelton and instead delegated the decision to its attorney. We agree.

Knight's complaint specifically alleged that the Board failed to rule upon his motion to disqualify Shelton. The court below failed to address this claim other than to summarily conclude that there were no procedural errors which denied Knight his due process rights. Neither the Board's decision nor the order from the trial court contain findings of fact regarding this question, nor do they contain any conclusions of law resolving this question. *Cf. Lange v. Lange*, 167 N.C. App. 426, 428-31; 605 S.E.2d 732, 733-35 (2004) (reviewing the findings of fact and conclusions of law to determine the appropriateness of a denied recusal motion). This constitutes reversible error.

### i.  The Board Failed to Act Corporately

At the hearing before Judge Brown in Superior Court, Mr. DeLoatch, attorney for the Board, stated that he made the ruling based upon his own personal knowledge of the events and without consulting the Board. Under the provisions of N.C. Gen. Stat. § 163-86 (2005), it is the County Board of Elections that hears voter registration challenges made pursuant to N.C. Gen. Stat. § 163-85 (2005). The Board, not its attorney, is the decision-making body. When a challenge is made to the impartiality of a member of the Board of Elections, it must be considered and ruled upon by the Board. *See* N.C. Gen. Stat. §§ 163-86, 143-318.10(d). The record on appeal and transcripts of the hearings before the Board are devoid of such delib-

erations and ruling. While the Board certainly has the right to consult with its attorney concerning such a challenge, it may not delegate its decision-making authority.

### ii.  Knight's Due Process Rights

It is well-established that the deprivation of a liberty interest requires due process protection.

> Whenever a government tribunal, be it a court of law or a school board, considers a case in which it may deprive a person of life, liberty or property, it is fundamental to the concept of due process that the deliberative body give that person's case fair and open-minded consideration. "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchinson*, 349 U.S. 133, 136, 99 L. Ed. 942, 946 (1955).

*Crump v. Bd. of Education*, 326 N.C. 603, 613, 392 S.E.2d 579, 584 (1990). "An unbiased impartial decision-maker is essential to due process." *Id.* at 615, 392 S.E.2d at 585 (citations omitted). Not only unfairness, but the very appearance of unfairness, is to be avoided. *Id.* at 624, 392 S.E.2d at 590. The affidavits filed by Knight alleged that Shelton had publicly stated that Knight did not reside in Edgecombe County. Knight's county of residence was the very issue before the Board, and these affidavits raised a reasonable question concerning Shelton's ability to give Knight a fair and impartial hearing. *See id.* at 616, 392 S.E.2d at 586 (noting that one biased Board member's participation in Crump's hearing "would cause that hearing to deny Crump procedural due process" regardless of the meeting's outcome); *id.* at 622, 392 S.E.2d at 589 (concluding that the Board "was required to afford Crump, at a minimum, an unbiased hearing in accord with principles of due process").

### iii.  Board's Decision Provided No Basis for Review

The Board was required to consider Knight's challenge and make a decision as to whether Shelton should have been recused from sitting as a decision-maker on Higgs' challenge to Knight's voter registration. Instead, in a 2-1 vote, the Board upheld Higgs' challenge to Knight's right to remain a registered voter in Edgecombe County, with Shelton voting in the majority. The Board's failure to properly consider Knight's motion to recuse a potentially biased member resulted in a decision that clearly carries an appearance of impropriety. *See Crump* at 624, 392 S.E.2d at 590. Based upon the holding of our Supreme Court in *Crump, supra,* we hold that the trial court erred in

concluding that "there were no procedural errors which denied the appellant due process of law and a fair hearing." The decision of the Board must be vacated, and this matter is remanded to the trial court for further remand to the Board of Elections for a new hearing. The new hearing is to be conducted only after a proper consideration of Knight's motion to recuse Shelton, if necessary.

### B. Open Meetings Law

**[2]** In his second argument, Knight contends that "the superior court erred in affirming the Board's decision in that the Board violated the Open Meetings Law, G.S. § 143-318.11(c), by going into closed session" on 9 October 2006, without a vote of the Board or stating its purpose for such a session. We agree.

"[T]he overriding intent behind the Open Meetings Law [is that] public bodies should act in open session because they serve the public-at-large[.]" *H.B.S. Contractors v. Cumberland County Bd. of Education*, 122 N.C. App. 49, 55, 468 S.E.2d 517, 522 (emphasis and citation omitted), *review improv. allowed*, 345 N.C. 178, 477 S.E.2d 926 (1996); N.C. Gen. Stat. §§ 143-318.9-10 (2005). A Board may act only as a body and only in a meeting. *See O'Neal v. Wake County*, 196 N.C. 184, 187, 145 S.E. 28, 29 (1928).

### (1) N.C. Gen. Stat. § 143-318.16A

The order entered by the trial court contains neither findings of fact nor conclusions of law that demonstrate that it fulfilled its duty to ensure that procedures specified by the Open Meetings Law were followed. *See H.B.S. Contractors*, 122 N.C. App. at 55, 468 S.E.2d at 522 (analyzing discretionary rulings under N.C. Gen. Stat. § 143-318.16A).

The Board is a public body as defined in N.C. Gen. Stat. § 143-318.10(b). Within the definition of "official meetings of public bodies," the statute includes:

[A] meeting, assembly, or gathering together at any time or place or the simultaneous communication by conference telephone or other electronic means of a majority of the members of a public body for the purpose of conducting hearings, participating in deliberations, or voting upon or otherwise transacting the public business within the jurisdiction, real or apparent, of the public body.

N.C. Gen. Stat. § 143-318.10(d).

There is an exception to this general rule, allowing for closed sessions of public bodies only for the specific purposes enumerated in N.C. Gen. Stat. § 143-318.11(a). The procedure for going into a closed session is set forth in N.C. Gen. Stat. § 143-318.11(c):

(c) Calling a Closed Session.—A public body may hold a closed session only upon a motion duly made and adopted at an open meeting. Every motion to close a meeting shall cite one or more of the permissible purposes listed in subsection (a) of this section. A motion based on subdivision (a)(1) of this section shall also state the name or citation of the law that renders the information to be discussed privileged or confidential. A motion based on subdivision (a)(3) of this section shall identify the parties in each existing lawsuit concerning which the public body expects to receive advice during the closed session.

*Id.* (2005).

On 9 October 2006, the Board twice went into closed session. On the first occasion, Shelton announced "We're going to go into Executive Session for just a moment and then we'll be back." This action clearly violated two of the requirements of N.C. Gen. Stat. § 143-318.11(c). First, there was no motion and a vote by the Board to go into closed session. The chair of the board, acting alone, does not have the authority to direct that the board go into closed session. Second, there must be a statement of the purpose of the closed session, and the purpose must be one of those permitted under subsection (a) of N.C. Gen. Stat. § 143-318.11.

We note that upon the return of the Board from closed session, Shelton stated that "We talked about procedure with our attorney." However, this statement does not cure the Board's original omissions. The statement of the purpose for the closed session must precede, rather than follow, a motion and vote to go into closed session. In addition, meeting with the attorney to discuss procedure does not fall under any of the exceptions set forth in subparagraph (a). *See Gannett Pacific*, 178 N.C. App. at 714-16, 632 S.E.2d at 588-89 (discussing the competing policy interests inherent in the attorney-client exception); *Multimedia Publ'g of N.C., Inc. v. Henderson County*, 136 N.C. App. 567, 575, 525 S.E.2d 786, 792 (2000) (noting that the burden to demonstrate the need for the attorney-client exception lies with the governmental body). The mere mention of "procedure" is insufficient to invoke the attorney-client privilege that is recognized under the statute. *See* N.C. Gen. Stat. § 143-318.11(a).

The initial violation was compounded by a second closed session announced by Shelton so that the Board could "talk among ourselves and make some kind of decision." There was no motion and no vote taken on Shelton's announcement, nor is the stated purpose to be found anywhere among the permitted exceptions enumerated in subsection (a). To the contrary, deliberation on the record is one of the enunciated principles of the Open Meetings Law. *See* N.C. Gen. Stat. § 143-318.10(d); *H.B.S. Contractors*, 122 N.C. App. at 54, 468 S.E.2d at 521 (stating a belief that the General Assembly intended "to curtail exactly this type of unwarranted secrecy by public bodies"). We hold that these two closed sessions, held without a motion and a statement of purpose, violated the Open Meetings Law.

The Board's failure to consider Knight's recusal motion in a public setting, *supra*, also violated the Open Meetings Law. The trial court's failure to make conclusions of law that demonstrate consideration of the statutory factors for such violations, N.C. Gen. Stat. § 143-318.16A, is reversible error.

### (2) N.C. Gen. Stat. § 143-318.16B

[3] One of Knight's claims for relief was for attorney's fees pursuant to N.C. Gen. Stat. § 143-318.16B (2005). Such an award is discretionary under the statute. *Id.* This Court has adopted the merits test as the proper standard for awarding attorney's fees to "prevailing" parties pursuant to N.C. Gen. Stat. § 143-318.16B. *H.B.S. Contractors*, 122 N.C. App. at 57, 468 S.E.2d at 522. Knight's pleadings in Superior Court clearly sought to establish a violation of the Open Meetings Law. We have determined as a matter of law that such violations occurred. We hold that Knight is a prevailing party under the statute, *id.*, and the taxing of attorney's fees should be considered by the trial court upon remand.

### VI. Conclusion

The Board of Elections violated Knight's due process rights when it failed to address a motion for recusal that was supported by affidavits establishing a reasonable basis to challenge the impartiality of a member of the Board. The Board violated the Open Meetings Law by failing to consider the motion and by twice going into closed session without a motion or stating its purpose.

Since this matter is being remanded to the Board for a new hearing, we do not remand this matter to the trial court for determination of whether the Open Meetings Law violations also constitute

a basis for vacating the Board's actions pursuant to N.C. Gen. Stat. § 143-318.16A. This matter is remanded to the Superior Court of Edgecombe County for a determination of whether an award of attorney's fees is appropriate. *See* N.C. Gen. Stat. § 143-318.16B. The trial court shall then remand the matter to the Board for a new hearing, with instructions for the Board to first consider and rule upon the recusal motion. In its order, the trial court shall instruct the Board to support its conclusions of law with detailed findings of fact that reflect the rules of residency provided in N.C. Gen. Stat. § 163-57 (2005) and the three-part test set forth in *Farnsworth v. Jones*, 114 N.C. App. 182, 187, 441 S.E.2d 597, 601.

Because of our holdings above, we need not reach appellant's remaining assignments of error.

VACATED and REMANDED.

Judges McGEE and GEER concur.