IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-303

 Filed: 3 September 2019

Guilford County, No. 18-CVS-4854

TODD EDWARD ROTRUCK, Plaintiff,

 v.

GUILFORD COUNTY BOARD OF ELECTIONS and JANELLE ROBINSON,
Defendants.

 Appeal by Plaintiff from order entered 4 October 2018 by Judge John O. Craig

in Guilford County Superior Court. Heard in the Court of Appeals 6 August 2019.

 Forrest Firm, P.C., by Patrick S. Lineberry and John D. Burns, and Allman
 Spry Davis Leggett & Crumpler, P.A., by D. Marsh Prause, for Plaintiff-
 Appellant.

 Office of the Guilford County Attorney, by J. Mark Payne, for Defendant-
 Appellee Guilford County Board of Elections.

 COLLINS, Judge.

 Plaintiff Todd Rotruck appeals from the trial court’s 4 October 2018 order

which affirmed Defendant Guilford County Board of Elections’ (the “BOE”) 24 April

2018 order sustaining Defendant Janelle Robinson’s challenge to Plaintiff’s eligibility

to vote in Guilford County Precinct NCGR2 in the Town of Summerfield. Plaintiff

contends that the trial court erred by affirming the BOE Order because the trial court

misallocated the applicable burden of proof in its review of the BOE Order, and

because the BOE deviated from permissible procedure in conducting the BOE
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

Hearing, relied upon unsworn witness testimony and unauthenticated documentary

evidence, and made findings of fact that were not supported by competent and

substantial evidence in the BOE Order. Finding no merit to Plaintiff’s arguments,

we affirm.

 I. Background

 The evidence presented to the BOE tended to show the following: Prior to 2016,

Plaintiff lived with his family in a home on Lewiston Road in Greensboro (the

“Greensboro property”). In the summer of 2016, Plaintiff purchased a home on

Strawberry Road in Summerfield (the “Summerfield property”). Plaintiff and his

family moved in to the Summerfield property in September 2016, but did not sell the

Greensboro property at that time. Plaintiff and his family continued to use the

Greensboro property, e.g., as a home office for Plaintiff and his wife, throughout the

period that they lived at the Summerfield property. Plaintiff and his family

contemplated moving back to the Greensboro property at an unspecified point in the

future because they wanted to renovate the Summerfield property.

 Renovations began on the Summerfield property sometime in early 2017, and

Plaintiff’s family, but not Plaintiff, moved back to the Greensboro property in April

2017. In July 2017, Plaintiff filed paperwork with the North Carolina State Board of

Elections declaring his candidacy for the Summerfield Town Council, listing his

mailing address as that of the Summerfield property. Around the same time, Plaintiff

 -2-
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

registered to vote in the precinct covering the Summerfield property, listing the

Greensboro property as the site of his prior voter registration. Plaintiff listed the

address of the Greensboro property as his mailing address on a number of documents

throughout the period he lived at the Summerfield property.

 In November 2017, Plaintiff was elected to the Summerfield Town Council.

That same month, Plaintiff and his wife sold the Greensboro property, indicating that

the Greensboro property was their “primary residence” in the deed. Plaintiff

negotiated a temporary lease of the Greensboro property with the new owner that

would allow Plaintiff’s family to live at the Greensboro property while the renovations

of the Summerfield property were completed. Plaintiff moved back to the Greensboro

property in December 2017. As of the 17 April 2018 BOE Hearing, Plaintiff and his

family had not moved back to the Summerfield property or completed renovations

thereupon.

 In February 2018, Robinson filed an N.C. Gen. Stat. § 163A-9111 challenge to

Plaintiff’s qualification to vote in Guilford County Precinct NCGR2 in the Town of

Summerfield, wherein Robinson alleged that Plaintiff was not a resident of the

Summerfield property within the meaning of N.C. Gen. Stat. § 163A-842 and

 1 While Plaintiff’s appeal of the trial court’s order was pending before this Court, the General
Assembly recodified N.C. Gen. Stat. § 163A to current N.C. Gen. Stat. §§ 120C, 138A, and 163. 2018
N.C. Sess. Laws ch. 146, § 3.1(a). The subsections of former N.C. Gen. Stat. § 163A that control our
analysis of this appeal are currently codified at N.C. Gen. Stat. §§ 163-55, -57, -85, -90.1, and -90.2
(formerly N.C. Gen. Stat. §§ 163A-841, -842, -911, -918, and -919, respectively).

 -3-
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

therefore that Plaintiff was not qualified to vote in Summerfield. The BOE held a

preliminary hearing on Robinson’s challenge on 20 February 2018. The BOE

subsequently held a full hearing on 17 April 2018 in which the BOE received evidence

and testimony from both Robinson and Plaintiff, among others (the “BOE Hearing”).

 On 24 April 2018, the BOE entered an order sustaining Robinson’s challenge

(the “BOE Order”). In the BOE Order, the BOE made a number of findings of fact

including, inter alia, that: (1) Plaintiff was registered to vote in Summerfield, and

Plaintiff’s voter registration on file indicated that the Summerfield property’s address

was Plaintiff’s “residence address[;]” (2) Robinson had presented a number of

documents to support her allegation that Plaintiff resided at the Greensboro property

including, inter alia, “the address on file with the Real Estate Commission,” which

used the Greensboro property’s address as Plaintiff’s “residential address[;]” and (3)

Plaintiff “partially moved from the Greensboro [property] to the Summerfield

[property] with the intention of moving back to Greensboro while the Summerfield

[property] is being renovated.” Based upon these findings of fact, the BOE concluded

that: (1) “[t]he evidence adduced showed that [Plaintiff] had not established the

Summerfield [property] as a residence within the meaning of the statutes as of the

time of the hearing” and that “the Summerfield [property] was a temporary

residence;” and (2) Robinson “ha[d] shown by affirmative proof that [Plaintiff] is not

 -4-
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

a resident of precinct NCGR2 or of the Town of Summerfield” within the meaning of

N.C. Gen. Stat. § 163A-842 et seq.

 Plaintiff filed the instant lawsuit on 26 April 2018 in Guilford County Superior

Court (the “trial court”) petitioning for review of the BOE Order pursuant to N.C.

Gen. Stat. § 163A-919(c) and moving for injunctive relief. In his complaint/petition,

Plaintiff (1) alleged that the BOE (a) failed to follow proper procedures for quasi-

judicial hearings and (b) failed to make findings of fact sufficient to support its

decision, and (2) requested a temporary restraining order and preliminary injunction

prohibiting the BOE from changing Plaintiff’s voter registration pending the

resolution of this litigation.

 On 21 May 2018, the BOE answered, moved to dismiss pursuant to N.C. Gen.

Stat. § 1A-1, Rule 12(b)(6), and asserted a number of affirmative defenses. On 25

May 2018, Robinson answered, moved to dismiss pursuant to N.C. Gen. Stat. § 1A-1,

Rule 12(b)(1) and (6), and asserted a number of her own affirmative defenses.

 The trial court apparently entered an order on 12 June 2018 granting Plaintiff

a temporary stay in the case pending resolution of the appeal.2

 On 4 October 2018, the trial court entered an order affirming the BOE Order

(the “Trial Court Order”). In the Trial Court Order, the trial court concluded that,

based upon its review of the BOE Order and the whole record before the BOE, the

 2 The order entering the stay is not included in the record on appeal.

 -5-
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

BOE Order contains no errors of law and the BOE Order’s findings of fact and

conclusions of law were “supported by competent, material and substantial evidence

and by affirmative proof.” The trial court accordingly affirmed the BOE Order and

dissolved the 12 June 2018 order temporarily staying the modification of Plaintiff’s

voter registration.

 Plaintiff timely appealed.

 II. Discussion

A. Standard of Review

 When conducting a hearing regarding a voter registration challenge brought

pursuant to N.C. Gen. Stat. § 163A-911, a county board of elections sits as a quasi-

judicial body. See Knight v. Higgs, 189 N.C. App. 696, 699, 659 S.E.2d 742, 745 (2008).

A decision by a county board of elections on a voter registration challenge is

appealable to the superior court of the county in which the offices of that board are

located. N.C. Gen. Stat. § 163A-919(c) (2018).

 In reviewing a county board of elections’ decision on a voter registration

challenge, “the Superior Court acts as an appellate court.” Knight, 189 N.C. App. at

699, 659 S.E.2d at 745. Our Supreme Court has said:

 [T]he task of a court reviewing a decision . . . [of] a quasi-
 judicial body includes:

 (1) Reviewing the record for errors in law,

 (2) [E]nsuring that procedures specified by law in both

 -6-
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

 statute and ordinance are followed,

 (3) [E]nsuring that appropriate due process rights of a
 petitioner are protected including the right to offer
 evidence, cross-examine witnesses, and inspect
 documents,

 (4) [E]nsuring that decisions [] are supported by
 competent, material and substantial evidence in the
 whole record, and

 (5) [E]nsuring that decisions are not arbitrary and
 capricious.

Coastal Ready-Mix Concrete Co. v. Bd. of Comm’rs, 299 N.C. 620, 626, 265 S.E.2d 379,

383 (1980); see Knight, 189 N.C. App. at 699, 659 S.E.2d at 745 (applying Coastal

Ready-Mix in reviewing a voter registration challenge heard before a county board of

elections). “The superior court should apply de novo review to a petitioner’s allegation

of error implicating one of the first three [Coastal Ready-Mix considerations] and

whole-record review to the last two.” Jeffries v. Cty. of Harnett, 817 S.E.2d 36, 43

(N.C. Ct. App. 2018). Whole-record review “necessitates an examination of all

competent evidence before the Board and a determination as to whether the Board’s

decision was based upon substantial evidence.” Farnsworth v. Jones, 114 N.C. App.

182, 185, 441 S.E.2d 597, 600 (1994). “Substantial evidence is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion and is more

than a scintilla or a permissible inference. The court may not consider the evidence

which in and of itself justifies the Board’s result, without taking into account

 -7-
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

contradictory evidence or evidence from which conflicting inferences could be drawn.”

Id. at 185, 441 S.E.2d at 600 (internal quotation marks, brackets, and citations

omitted); see also Bennett v. Hertford Cty. Bd. of Educ., 69 N.C. App. 615, 618, 317

S.E.2d 912, 915 (1984) (“As distinguished from the any competent evidence test and

a de novo review, the whole record test gives a reviewing court the capability to

determine whether an administrative decision has a rational basis in the evidence.”

(internal quotation marks and citations omitted)).

 “Subsequent review by this Court is limited to whether the trial court

committed any errors of law.” Knight, 189 N.C. App. at 699, 659 S.E.2d at 745.

Accordingly, “[w]e review a superior court’s certiorari review of a [] quasi-judicial

decision to determine whether the superior court: (1) exercised the appropriate scope

of review and, if appropriate, (2) decide whether the court did so properly.” Jeffries,

817 S.E.2d at 43 (quotation marks and citation omitted).

B. Analysis

 Plaintiff contends that the trial court erred by affirming the BOE Order

because (1) the trial court misallocated the applicable burden of proof in its review of

the BOE Order, and because the BOE (2) deviated from permissible procedure in

conducting the BOE Hearing and relied upon unsworn witness testimony and

unauthenticated documentary evidence and (3) made findings of fact that were not

 -8-
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

supported by competent and substantial evidence in the BOE Order. We address

each argument in turn.

 1. Scope of review/misallocation of burden of proof

 Our first task is to determine whether the trial court exercised the appropriate

scope of review. In the Trial Court Order, the trial court concluded, in relevant part,

as follows:

 The Court has heard and considered the oral arguments of
 counsel for all parties, has considered memoranda
 submitted by all parties through counsel, and has reviewed
 the file, the record, the exhibits and the transcript of the
 proceedings before the BOE. The Court has conducted a de
 novo review and finds that the findings and conclusions of
 the BOE in [the BOE Order] contain no errors of law. The
 Court has conducted a whole record review of the evidence,
 findings and conclusions of the BOE, and applying the
 whole record test, the Court finds that the findings and
 conclusions of the BOE in [the BOE Order] are supported
 by competent, material and substantial evidence and by
 affirmative proof.

This language indicates that the trial court reviewed the BOE Order in light of the

BOE record and the evidence it contained, and reviewed alleged errors of law in the

BOE Order de novo and alleged factual errors therein using the whole-record test, as

required. Jeffries, 817 S.E.2d at 43. We therefore conclude that the trial court

exercised the appropriate scope of review.

 The Trial Court Order then elaborated upon its application of the whole-record

test to the alleged factual issues being reviewed, as follows:

 -9-
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

 The evidence tends to show that [Plaintiff] never
 convincingly severed his residency at the [Greensboro
 property] to live at the [Summerfield property]. [Plaintiff]
 never showed sufficient proof that he meant to leave the
 [Greensboro property] and live at the [Summerfield
 property]. Without sufficient evidence of an abandonment
 of the [Greensboro property], the BOE properly found that
 [Plaintiff’s] alleged assertion of a temporary departure
 from [the Summerfield property], and his avowed intention
 to return there permanently after construction was
 completed, did not constitute sufficient proof of his position
 that his return to the [Greensboro property] was merely
 temporary.

Plaintiff argues that this language demonstrates that, in reviewing the BOE Order,

the trial court misallocated the burden of proof, believing it was Plaintiff who was

required to prove to the BOE that Summerfield was his residence. We disagree.

 N.C. Gen. Stat. § 163A-918(b) reads as follows: “No [voter registration]

challenge shall be sustained unless the challenge is substantiated by affirmative

proof. In the absence of such proof, the presumption shall be that the voter is properly

registered or affiliated.” N.C. Gen. Stat. § 163A-918(b) (2018). Since Plaintiff was

registered to vote in Summerfield, we agree with Plaintiff that the burden was on

Robinson to substantiate her challenge by affirmative proof that Plaintiff was not a

resident of Summerfield. Id.

 However, we read the Trial Court Order as concluding that (1) Robinson had

substantiated her allegation that Plaintiff resided at the Greensboro property by

 - 10 -
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

affirmative proof3 and (2) Plaintiff had failed to rebut Robinson’s affirmative proof

with evidence of his own proving that he resided at the Summerfield property

sufficient to defeat Robinson’s challenge. The trial court concluded that the “findings

and conclusions of the BOE in [the BOE Order] are supported by competent, material

and substantial evidence and by affirmative proof[.]” The language of N.C. Gen. Stat.

§ 163A-918(b) setting forth that “the presumption shall be that the voter is properly

registered or affiliated” specifically applies only “[i]n the absence of [affirmative]

proof[.]” N.C. Gen. Stat. § 163A-918(b). Since the trial court concluded that

affirmative proof supported the BOE’s findings of fact and conclusions of law,

including the BOE’s ultimate conclusion that Plaintiff was not a Summerfield

resident within the meaning of N.C. Gen. Stat. § 163A, the trial court evidently

concluded that Robinson had met her burden of proof, and subsection 918(b)’s

presumption was not implicated. We accordingly reject Plaintiff’s argument that the

trial court misallocated the burden of proof.

 2. Impermissible procedure/unsworn testimony/unauthenticated evidence

 Plaintiff also argues that the trial court erred by affirming the BOE Order

because the BOE denied him the opportunity to cross-examine Charlie Collicutt,

whose unsworn testimony was used to authenticate Robinson’s Exhibit 12 (“Exhibit

 3 Indeed, the record on appeal—which Plaintiff filed—contains an email from Judge Craig to
the parties stating: “I believe that the challenger met her burden of providing affirmative proof to the
BOE[.]”

 - 11 -
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

12”), which the BOE admitted and relied upon in finding that Plaintiff voted in

Greensboro in 2016. We disagree.

 Exhibit 12 is an email between Collicutt and Robinson in which Collicutt tells

Robinson that Plaintiff voted in Greensboro in 2016 and Summerfield in 2017.

Collicutt testified at the BOE Hearing without being placed under oath that the

document was authentic. Plaintiff takes issue with Exhibit 12 because it was not

authenticated by sworn testimony—let alone testimony subjected to cross-

examination—and thus, Plaintiff argues, is not competent evidence to support the

BOE’s finding of fact that Plaintiff voted in Greensboro in 2016.

 Even assuming arguendo4 that Plaintiff was not given the opportunity to cross-

examine Collicutt, Plaintiff testified that he was both registered to vote and did in

fact vote in Greensboro in 2016, and the record contains Plaintiff’s 2017 registration

to vote in Summerfield. Exhibit 12 thus merely corroborates other evidence in the

record. As such, any error resulting from (1) the BOE’s consideration of or reliance

upon Exhibit 12 or (2) Collicutt’s testimony purporting to authenticate Exhibit 12 was

harmless, and cannot be the basis for reversal. See Andrews v. Haygood, 188 N.C.

 4Following Collicutt’s unsworn colloquy with the BOE—during which time Robinson was
sworn in as a witness—Robinson’s counsel asked Robinson two more questions and then rested. BOE
Chairman Jim Kimel then asked Plaintiff: “Is there any Cross-Examination? Mr. Rotruck, are there
any questions you would like to ask the witness here?” Although Chairman Kimel’s questions may be
reasonably construed as inviting Plaintiff to cross-examine Robinson, rather than Collicutt, if Plaintiff
wanted to ask Collicutt questions about Exhibit 12 or cross-examine him in some way, Plaintiff could
have done so at this point (or subsequently by putting Collicutt on as his own witness), but did not.

 - 12 -
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

App. 244, 249, 655 S.E.2d 440, 443 (2008) (“verdicts and judgments will not be set

aside for harmless error, or for mere error and no more. Instead, [an appellant] must

show not only that the ruling complained of was erroneous, but that it was material

and prejudicial, amounting to a denial of some substantial right.” (internal quotation

marks and citations omitted)). Plaintiff’s argument is therefore unavailing.

 Plaintiff also argues that the trial court erred by affirming the BOE Order

because the BOE refused to allow Plaintiff to elicit testimony from witness Elizabeth

McClellan regarding Robinson’s purported motivations for bringing the voter

registration challenge. We reject this argument as well.

 At the BOE Hearing, Chairman Kimel told Plaintiff that any testimony

McClellan might provide regarding whether “there have been other [Summerfield

Town C]ouncil members where the residency has not come into question”—ostensibly

in order to establish Robinson’s “political motivation” for bringing the voter

registration challenge—would be “not relevant” to the question at issue. Relevant

evidence is “evidence having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than

it would be without the evidence.” N.C. Gen. Stat. § 8C-1, Rule 401 (2018). We agree

with Chairman Kimel that what did or did not happen to other Summerfield Town

Council members is not relevant to the question of Plaintiff’s residence, and

testimony to that effect would therefore be properly excluded. See N.C. Gen. Stat. §

 - 13 -
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

8C-1, Rule 402 (2018) (“Evidence which is not relevant is not admissible.”). Moreover,

the record shows that Plaintiff had a full opportunity to test Robinson’s credibility

and purported biases on cross-examination following her testimony, but chose not to

do so. Plaintiff’s argument accordingly fails.

 3. Unsupported findings of fact

 Plaintiff also argues that the trial court erred by affirming the BOE Order

because the BOE found that Plaintiff’s address on file with the North Carolina Real

Estate Commission (“NCREC”) was the address of the Greensboro property without

receiving any evidence from the NCREC.

 In the BOE Order’s finding of fact 5 (“Finding of Fact 5”), the BOE found that

Plaintiff’s “address on file with the [North Carolina] Real Estate Commission” showed

he resided in Greensboro. We have found no evidence in the record to support that

aspect of Finding of Fact 5.5 As a result, we agree with Plaintiff that the portion of

Finding of Fact 5 regarding Plaintiff’s address on file with the NCREC is without

sufficient evidentiary basis in the record, and that the trial court erred by not so

concluding.

 5At the BOE Hearing, Plaintiff was asked to authenticate a document that Robinson’s counsel
represented as being produced in connection with a subpoena to the “North Carolina Association of
Realtors[,]” and Plaintiff said that it appeared to him as coming from “Greensboro Regional Realtors[.]”
In their respective briefs on appeal, both parties describe the document as coming from the local
chapter of the “Realtors Association[.]” Wherever the document described by the parties—which is not
included in the record on appeal—came from, the parties agree that it did not come from the NCREC,
and it thus cannot provide evidentiary support for the challenged portion of Finding of Fact 5.

 - 14 -
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

 This Court has said, however:

 Notwithstanding a particular finding of fact being
 unsupported by material and competent evidence, the
 action of a quasi-judicial body will be sustained if
 supported by remaining findings of fact upheld by
 substantial evidence, the erroneous finding being treated
 as mere surplusage. See Torain v. Fordham Drug Co., 79
 N.C. App. 572, 576, 340 S.E.2d 111, 114 (1986) (“[w]here,
 after erroneous factual findings have been excluded, there
 remain sufficient findings of fact based on competent
 evidence to support the [Industrial] Commission’s
 conclusions, its ruling will not be disturbed”).

Tate Terrace Realty Investors, Inc. v. Currituck Cty., 127 N.C. App. 212, 222, 488

S.E.2d 845, 851 (1997). Following Tate, we discern no prejudicial error from the

portion of Finding of Fact 5 regarding Plaintiff’s address on file with the NCREC,

since we conclude that the BOE Order is supported by other competent and

substantial evidence in light of the whole record, including but not limited to the

“deeds, tax records, [and] business records” presented by Robinson at the BOE

Hearing listed in Finding of Fact 5 as indicating that Plaintiff had maintained the

address of the Greensboro property as his residential address. We accordingly reject

Plaintiff’s argument that Finding of Fact 5 requires reversal.

 Plaintiff finally argues that the trial court erred by affirming the BOE Order

because the BOE concluded that Robinson affirmatively proved that Plaintiff was not

a Summerfield resident without sufficient evidence to do so. This argument is also

unavailing.

 - 15 -
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

 N.C. Gen. Stat. § 163A-842 sets forth the criteria used by election officials in

determining residency for purposes of voter registration. Subsection 842 reads as

follows: “That place shall be considered the residence of a person in which that

person’s habitation is fixed, and to which, whenever that person is absent, that person

has the intention of returning[.]” N.C. Gen. Stat. § 163A-842(1) (2018). Subsection

842 also says that “[i]f a person removes to another . . . precinct . . . within this State,

with the intention of remaining there an indefinite time and making that . . . precinct

. . . that person’s place of residence, that person shall be considered to have lost that

person’s place of residence in th[e] . . . precinct . . . from which that person has

removed, notwithstanding that person may entertain an intention to return at some

future time.” Id. at (5).

 Our Supreme Court has said that “residence, when used in the election law,

means domicile.” Hall v. Wake Cty. Bd. of Elections, 280 N.C. 600, 606, 187 S.E.2d

52, 55 (1972). The Hall Court described domicile as follows:

 Domicile denotes one’s permanent, established home as
 distinguished from a temporary, although actual, place of
 residence. When absent therefrom, it is the place to which
 he intends to return (animus revertendi); it is the place
 where he intends to remain permanently, or for an
 indefinite length of time, or until some unexpected event
 shall occur to induce him to leave (animus manendi). Two
 things must concur to constitute a domicile: First,
 residence; second, the intent to make the place of residence
 a home.

Id. at 605-06, 187 S.E.2d at 55.

 - 16 -
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

 As mentioned above, a trial court reviewing a board of elections decision must

conclude that the decision was “based upon substantial evidence”—i.e., “such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion”—

in light of the whole record. Farnsworth, 114 N.C. App. at 185, 441 S.E.2d at 600. In

the Trial Court Order, the trial court said that it had “conducted a whole record

review of the evidence, findings and conclusions of the BOE, and applying the whole

record test, the Court finds that the findings and conclusions of the BOE in [the BOE

Order] are supported by competent, material and substantial evidence and by

affirmative proof.”

 At the BOE Hearing, Robinson introduced documentary evidence and

testimony tending to show that Plaintiff’s residence was the Greensboro property.

Although Plaintiff introduced documentary evidence and testimony of his own

tending to show that Plaintiff’s residence was the Summerfield property, the trial

court did not err in concluding that, in light of the whole record, the BOE was

presented with relevant evidence adequate to support its ultimate conclusion that

Plaintiff did not reside in Summerfield. We accordingly reject Plaintiff’s argument

that the BOE’s ultimate conclusion was unsupported by the whole record.

 III. Conclusion

 Because we conclude that the trial court did not err by affirming the BOE

Order, we affirm.

 - 17 -
 ROTRUCK V. GUILFORD CTY. BD. OF ELECTIONS

 Opinion of the Court

AFFIRMED.

Chief Judge McGEE and Judge BERGER concur.

 - 18 -